**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAMED FATHI, | No. 14-56251 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-02639-BAS-RBB |
| v. | |
| J.P. MORGAN CHASE BANK, N.A.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted December 14, 2016**

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Hamed Fathi appeals pro se from the district court's judgment dismissing his

diversity action alleging state law claims arising from foreclosure proceedings.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and we may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Fathi's claims against defendant JP Morgan Chase Bank, N.A. ("Chase") because Fathi failed to allege facts sufficient to show that Chase was not a proper party to initiate foreclosure proceedings, and Fathi lacked standing to bring a preemptive suit to challenge Chase's authority to foreclose. *See Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 795 (Ct. App. 2016) (California courts do not allow preemptive suits challenging the foreclosing party's authority to foreclose because such suits "would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature." (citation omitted)); *Gomes v. Countrywide Home Lonas, Inc.*, 121 Cal. Rptr. 3d 819, 824 (Ct. App. 2011) (California law does not "provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized" absent "a *specific factual basis* for alleging that the foreclosure was not initiated by the correct party"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation omitted)).

We do not consider matters not specifically and distinctly raised and argued in an opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**